GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

EDMUND K. SAFFERY       5860-0
    esaffery@goodsill.com
ANDREW I. KIM              10790-0
    akim@goodsill.com
First Hawaiian Center, Suite 1600
999 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 547-5600
Facsimile:  (808) 547-5880

Attorneys for Plaintiff
WELLS FARGO BANK, N.A.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WELLS FARGO BANK, N.A., <br><br> PLAINTIFF, <br><br> vs. <br><br> MICHAEL C. MCGIBBEN, <br><br> DEFENDANT. | CIVIL NO.  1:22-cv-232 <br><br> PLAINTIFF WELLS FARGO BANK, N.A.'S COMPLAINT; EXHIBITS "1" – "3"; SUMMONS |

9304737.1

## PLAINTIFF WELLS FARGO BANK, N.A.'S COMPLAINT

Plaintiff WELLS FARGO BANK, N.A. ("Wells Fargo"), through its undersigned attorneys, alleges its Complaint for a Civil Case ("Complaint") against Defendant MICHAEL C. MCGIBBEN ("Defendant"), on information and belief as follows:

### I.    PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff Wells Fargo is a national banking association with its designated main office in Sioux Falls, South Dakota.

2.    Upon information and belief, Defendant Michael C. McGibben ("McGibben") is a citizen and resident of the State of Hawaii.

3.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a) as Wells Fargo and Defendant are citizens of different States and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4.    Venue is proper with this Court pursuant to 28 U.S.C. § 1391 as Defendant resides in this district and is a resident of the State of Hawaii.

5.    The instant lawsuit is based upon two lines of credit extended by Wells Fargo to Defendant's companies, which lines of credit were personally guaranteed by Defendant.

9304737.1

2

## II.     FACTUAL BACKGROUND

### A.     Business Line #721

6.     On or about March 22, 2006, Defendant applied for a business line of credit with Wells Fargo on behalf of Vallejo Fitness, Inc ("Vallejo Fitness").

7.     Upon information and belief, Defendant was the owner and officer authorized to act on behalf of Vallejo Fitness, Inc.

8.     Defendant signed and accepted the terms of the Agreement and Personal Guaranty ("Vallejo Fitness Guaranty"), a redacted copy which is attached hereto as Exhibit 1.

9.     The Vallejo Fitness Guaranty provides:

> By signing below, I also, in my individual capacity (even though I may place a title or other designation next to my signature), jointly and severally unconditionally guarantee and promise to pay to [Wells Fargo Bank, N.A.] all indebtedness of [Vallejo Fitness, Inc.] at any time arising under or relating to any credit requested through this application, as well as any extensions, increases, or renewals of that indebtedness.

10.     The Vallejo Fitness Agreement also incorporated by reference the terms and conditions set forth in the Wells Fargo BusinessLine Customer Agreement Effective November 1, 2005 ("2005 Customer Agreement").

11.     On or about March 30, 2006, Wells Fargo extended Business Line #xxxxxxxxxxxxx721 ("Business Line #721") to Vallejo Fitness.

9304737.1                                    3

12.     Wells Fargo amended the 2005 Customer Agreement governing

Business Line #721 in an updated BusinessLine Customer Agreement Effective

March 1, 2020 ("2020 Customer Agreement").

13.     Vallejo Fitness defaulted in the performance of the terms set

forth in the 2005 Customer Agreement and 2020 Customer Agreement by failing

to pay the amounts due under Business Line #721.

14.     Since March 13, 2020, Wells Fargo has not received any

payment due from Vallejo Fitness and/or Defendant.

15.     Due to the lack of payment, Business Line #721 was charged

off and closed on August 21, 2020.

16.     As of August 21, 2020, Vallejo Fitness remained in default for

its failure to pay the balance on Business Line #721, which is due and owing to

Wells Fargo in the amount of $101,527.62.

17.     Pursuant to the Vallejo Fitness Guaranty, Defendant guaranteed

and promised to pay all the indebtedness of Vallejo Fitness due under Business

Line #721, and as a result is personally liable for the full amount of $101,527.62,

including Wells Fargo's attorneys' fees and costs.

**B.     Business Line #637**

18.     On or about July 31, 1996, Defendant applied for a business line

of credit with Wells Fargo on behalf of Megaflex Gym ("Megaflex Gym").

19.     Upon information and belief, Defendant was the owner and officer authorized to act on behalf of Megaflex Gym.

20.     Defendant signed and accepted the terms of the BusinessLine Acceptance Certificate ("Megaflex Gym Guaranty"), a redacted copy which is attached hereto as Exhibit 2.

21.     The Megaflex Gym Guaranty provides:

> By signing below, the signer(s) agrees on behalf of the company named above to the terms and conditions of the Customer Agreement [that?] will be sent and **in their individual capacities** jointly and severally unconditionally guarantee and promise to pay upon demand to Bank all indebtedness of the company named above at any time owing under the BusinessLine.

22.     The Megaflex Guaranty also incorporated by reference the terms and conditions set forth in the Wells Fargo BusinessLine Customer Agreement Effective July 1996 ("1996 Customer Agreement").

23.     On or about August 1, 1996, Wells Fargo extended Business Line #xxxxxxxxxxxxx637 ("Business Line #637") to Megaflex Gym.

24.     Wells Fargo amended the 1996 Customer Agreement governing Business Line #637 in an updated 2020 Customer Agreement.

25.     Vallejo Fitness defaulted in the performance of the terms set forth in the 1996 Customer Agreement and 2020 Customer Agreement by failing to pay the amounts due under Business Line #637.

26.     Since October 21, 2019, Wells Fargo has not received any payment due from Megaflex Gym and/or Defendant.

27.     Due to the lack of payment, Business Line #637 was charged off and closed on March 29, 2020.

28.     As of March 29, 2020, Megaflex Gym remained in default for its failure to pay the balance on Business Line #637, which is due and owing to Wells Fargo in the amount of $76,894.54.

29.     Pursuant to the Megaflex Gym Guaranty, Defendant guaranteed and promised to pay all the indebtedness of Megaflex Gym due under Business Line #637, and as a result, is personally liable for the full amount of $76,894.54, including Wells Fargo's attorneys' fees and costs.

## C.     Wells Fargo's Demand Letter

30.      On March 29, 2022, Wells Fargo sent Defendant a demand letter ("Demand Letter"), a redacted copy (excluding enclosures) which is attached hereto as Exhibit 3.

31.     The Demand Letter demanded payment from Defendant to Wells Fargo for $178,422.16, which amount is comprised of the remaining balances owed on Business Line #721 and Business Line #637.

32.     Two copies of the Demand Letter were sent to Defendant via certified mail, return receipt requested, and regular mail.

33.     The certified mail, which contained the Demand Letter, was returned to Wells Fargo as "Refused".

34.     Defendant has not responded to the Demand Letter.

35.     As of the date hereof, the balances owed on Business Line #721 and Business Line #637, remain due and owing to Wells Fargo.

## COUNT I – BREACH OF CONTRACT

36.     Wells Fargo incorporates by reference those allegations of the Complaint contained in paragraphs 1 through 35 as though fully set forth herein.

37.     The obligations of Vallejo Fitness and Megaflex Gym are guaranteed by Defendant pursuant to the Vallejo Fitness Guaranty and Megaflex Gym Guaranty (collectively hereinafter "Guaranties").  Defendant provided his unconditional guaranties of the obligations of Vallejo Fitness and Megaflex Gym.

38.     Defendant breached the Guaranties by failing to make timely payments and failing to pay all outstanding amounts due under Business Line #721 and Business Line #637.

39.     Although Wells Fargo has demanded that Defendant perform all the obligations under the Guaranties, Defendant has failed and refused to take any steps necessary to fully and completely pay the outstanding amounts owed on Business Line #721 and Business Line #637.

40.     As a direct and proximate result of Defendant's breach of

contract, Wells Fargo has suffered damages in an amount to be proven at trial.

## COUNT II – PROMISSORY ESTOPPEL

41.     Wells Fargo incorporates by reference those allegations of the

Complaint contained in paragraphs 1 through 40 as though fully set forth herein.

42.     Defendant guaranteed and promised to pay Wells Fargo for the

outstanding amounts owed on Business Line #721 and Business Line #637.

43.     Wells Fargo justifiably relied on the promises made by

Defendant by, among other things, extending credit lines and loaning a total of

$178,422.16 to Vallejo Fitness and Megaflex Gym.

44.     Defendant has failed to perform said promises made to Wells

Fargo.

45.     Enforcing the promises made by Defendant is necessary to

avoid injustice.

46.     As a direct and proximate result of Defendant's promises, upon

which Wells Fargo relied to its detriment, Wells Fargo has suffered damages in an

amount to be proven at trial.

## COUNT III – UNJUST ENRICHMENT

47.     Wells Fargo incorporates by reference those allegations of the

Complaint contained in paragraphs 1 through 46 as though fully set forth herein.

9304737.1

48.     Defendant was the owner of the Vallejo Fitness and Megaflex Gym.

49.     As a result of the foregoing acts and omissions, Defendant has been unjustly enriched.  Specifically, Defendant received the benefit of the credit lines that Wells Fargo extended to Vallejo Fitness and Megaflex Gym and has unjustly retained those benefits by failing to pay the outstanding balance due on those credit lines.

50.     As a result of the foregoing acts and omissions, Wells Fargo is entitled to restitution and/or other equitable remedies from Defendant in amounts to be proven at trial.

## RECOVERY OF ATTORNEYS' FEES AND COSTS

51.     Wells Fargo seeks recovery of and is entitled to an award of its attorneys' fees and costs incurred in collection of the amounts due to it from Defendant pursuant to the Guaranties, Customer Agreements, and applicable law.

## PRAYER FOR RELIEF

WHEREFORE, Wells Fargo prays for judgment against Defendant as follows:

A.     For judgment in favor against Defendant on Counts I-III of the Complaint.

   B.  For an award of general, special and compensatory, damages

against Defendant in amounts to be determined at trial;

   C.  For an award of attorneys' fees and costs against Defendant.

   D.  For such other and further relief as the Court deems

appropriate, just and/or proper.

   DATED:  Honolulu, Hawaii, May 24, 2022.


        /s/ Edmund K. Saffery
        EDMUND K. SAFFERY
        ANDREW I. KIM

        Attorneys for Plaintiff
        WELLS FARGO BANK, N.A