Exhibit 3



# GOODSILL

Edmund K. Saffery
esaffery@goodsill.com | (808) 547-5736

March 29, 2022

**VIA CERTIFIED MAIL, RETURN RECEIPT
REQUESTED & U.S. MAIL
7020 1810 0000 5859 8350**

Megaflex Gym
c/o Michael C. McGibben
503 Puuikena Drive
Honolulu, Hawaii 96821

Vallejo Fitness Inc.
c/o Michael C. McGibben
503 Puuikena Drive
Honolulu, Hawaii 96821

Re:

| Wells Fargo Business Line ▇▇▇▇▇▇721 | Wells Fargo Business Line ▇▇▇▇▇▇637 |
|---|---|
| Open Date: 03/30/2006 | Open Date: 08/01/1996 |
| Company Name: Vallejo Fitness Inc. | Company Name: Megaflex Gym |
| Guarantor: Michael C. McGibben | Guarantor: Michael C. McGibben |
| Principal Balance: $101,527.62 | Principal Balance: $76,894.54 |

Dear Mr. McGibben:

      Our firm represents Wells Fargo Bank, N.A. ("Wells Fargo") with respect to the above-identified accounts (the "Credit Lines"). You have failed to pay the outstanding balances on the Credit Lines, which are due and owing to Wells Fargo.

      As of August 21, 2020, you remain in default for failing to pay the principal balance due on Business Line ▇▇▇▇▇▇721 in the amount of $101,527.62. This Credit Line was charged off and closed on August 21, 2020 due to lack of payment. Enclosed with this letter is a copy of the Agreement and Personal Guarantee, Business Line Customer Agreement effective November 1, 2005, and Business Line Customer Agreement effective March 1, 2020. *See* **Attachment A**. Pursuant to the Agreement and Personal Guaranty signed by you on or about March 22, 2006 and Business Line Customer Agreement, you personally guaranteed and are responsible for payment of the amounts due to Wells Fargo Bank.

GOODSILL

Michael McGibben
March 29, 2022
Page 2

       As of March 29, 2020, you also remain in default for failing to pay the principal balance due on Business Line ███████ 637 in the amount of $76,894.54. This Credit Line was charged off and closed on March 29, 2020 due to lack of payment. Enclosed with this letter is a copy of the Business Line Acceptance Certificate, Business Line Customer Agreement effective July 1996, and Business Line Customer Agreement effective March 1, 2020. *See* **Attachment B**. Pursuant to the Business Line Acceptance Certificate signed by you on or about July 31, 1996 and Business Line Customer Agreement, you personally guaranteed and are responsible for payment of the amounts due to Wells Fargo Bank.

       As noted above, the total payoff balance is comprised of the following amounts:

| Business Line ███ 721 | $101,527.62 |
|---|---|
| Business Line ███ 637 | $76,894.54 |
| **TOTAL** | **$178,422.16** |

       Demand is hereby made for payment to Wells Fargo in the full amount of **$178,422.16**, within fifteen (15) business days of this letter. Payments should be made by check or money order made payable to "Wells Fargo Bank, N.A." and mailed or delivered to this office. Your cooperation and prompt attention to this matter would be appreciated.

       Should you fail to make timely payment of the foregoing amount, Wells Fargo will pursue all of its legal remedies including, if necessary, a court action to recover all monies due, attorneys' fees, and court costs to the extent provided by law.

**While we do not believe the Federal Fair Debt Collection Practices Act applies to this matter given that amounts sought arise out of a commercial debt, we nonetheless have included with this latter, a notice of your rights under the Act. Please read the notice carefully.**

       Very truly yours,

       GOODSILL ANDERSON QUINN & STIFEL

       */s/ Edmund K. Saffery*

       Edmund K. Saffery

EKS
Enclosure

## NOTICE PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT

1. Amount of Debt. As of the dates below, the following amounts are due and owing:

| Business Line ▆▆▆▆ | 721 (as of August 21, 2020) | $101,527.62 |
|---|---|---|
| Business Line ▆▆▆▆ | 637 (as of March 29, 2020) | $76,894.54 |
| **TOTAL** | | $178,422.16 |

2. Name of Creditor: Wells Fargo Bank, N.A.
c/o Goodsill Anderson Quinn & Stifel LLP
999 Bishop Street, Suite 1600
Honolulu, Hawaii 96813

3. Notice and Verification Procedure. Unless you notify this office within 30 days after receiving this Notice that you dispute the validity of the debt, or any portion thereof, we will assume the debt is valid. If, within the 30-day period, you notify this office in writing that the debt, or any portion thereof, is disputed, we will send you a copy of any documents and payment/balance information. If the original creditor is different from the current creditor and if, within the 30-day period, you request in writing the name and address of the original creditor, we will mail such information to you.

4. Effect of Failure to Dispute Validity of Debt. Your failure to dispute the validity of the debt pursuant to this Notice may not be construed by any court as an admission of liability by you in any subsequent litigation to collect the debt.

5. Legal Proceedings. The Federal Trade Commission has stated that the Fair Debt Collection Practices Act does not prevent the creditor from filing suit against you, or taking action to enforce the judgment against you, prior to the expiration of the aforementioned 30-day period. Therefore, in the absence of payment or satisfactory payment arrangements, legal action may be instituted against you immediately or, where a specific date has been stated in the enclosed demand letter, on or after such date.

6. Use of Information. Goodsill Anderson Quinn & Stifel LLP, attorneys for the above-named creditor, is acting as a "debt collector" and is attempting to collect a debt. Any information obtained will be used for that purpose.